ORIGINAL

# In the United States Court of Federal Claims

No. 13-162C

(Filed: March 15, 2013)

```
*************************************  *
                                      *
                                      *
SUSAN HERBERT, et al.,                *
                                      *
                                      *
              Plaintiffs,             *
                                      *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                                      *
              Defendant.              *
                                      *
*************************************  *
```

**FILED**

MAR 1 5 2013

U.S. COURT OF
FEDERAL CLAIMS

ORDER

On March 4, 2013, Susan Herbert filed in this Court a document purporting to constitute a complaint against the United States. The case caption lists the following persons as plaintiffs: "Susan Clemons, Ray Morton, Kurt Kallenbach, et al," and "Susan Herbert in her own right and as the next best friend of Thomas Jefferson." Compl. at *1. Within this document, Ms. Herbert requests twenty-seven billion dollars in damages as well as several other remedies including an injunction against President Obama from acting in a legal capacity, a declaration that women are persons with full rights, and an order returning custody of Ms. Herbert's children. Compl. at *47. The alleged wrongs suffered by the plaintiffs seemingly stem from the very makeup of our system of government, and date back to the days of the founding fathers. See Compl. *8-11.

Because Ms. Herbert is proceeding *pro se*, the Court must liberally construe her pleading to "see if [she] has a cause of action somewhere displayed." Strougher v. United States, 89 Fed. Cl. 755, 760 (Fed. Cl. 2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Ms. Herbert's complaint carefully; however, it cannot discern a plausible cause of action therein. The Court further finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds. The Court also notes that Ms. Herbert's filing is rife with demeaning characterizations of politicians, judges, and other prominent figures in the

United States. She would do well to refrain from such *ad hominem* arguments in any future claims she may have.

Therefore, pursuant to its inherent authority, the Court *sua sponte* dismisses Ms. Herbert's complaint for failure to state a claim. *See, e.g.*, Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (Fed. Cl. 2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991); *see also* Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]) (internal citation omitted).

Accordingly, for the foregoing reasons, Plaintiffs' complaint is dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Plaintiffs' complaint without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge